UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Barbara Staples,
as Trustee for the Next-of-Kin
of Daniel Staples, deceased,

        Plaintiff,

v.

Bradley C. Thaemert, M.D., and
Surgical Institute of South Dakota,
a South Dakota corporation,

        Defendants.

Civil No. 09-264 (DWF/JJK)

**MEMORANDUM
OPINION AND ORDER**

---

Chris A. Messerly, Esq., and Genevieve M. Zimmerman, Esq., Robins Kaplan Miller & Ciresi LLP, counsel for Plaintiff.

Edwin E. Evans, Esq., Mark W. Haigh, Esq., and Shane E. Eden, Esq., Davenport, Evans, Hurwitz & Smith, LLP, counsel for Defendants.

---

**INTRODUCTION**

This matter is before the Court on a Motion to Dismiss or, in the Alternative, a Motion for Change of Venue brought by Defendants Bradley C. Thaemert and Surgical Institute of South Dakota. In her Complaint, Plaintiff alleges negligence related to the care and treatment of her husband, Daniel Staples, following laparoscopic gastric banding surgery. Specifically, Plaintiff asserts that her husband died as a result of Defendant Dr. Thaemert's medical negligence. Defendants move to dismiss, asserting that they are

not subject to the personal jurisdiction of this Court or, in the alternative, that venue is improper. For the reasons set forth below, Defendants' motion is denied without prejudice.

## BACKGROUND

Barbara and Daniel Staples are both residents of Minnesota. (Compl. ¶ I.) According to the Complaint, on February 16, 2007, Mr. Staples underwent laproscopic bariatric surgery at Avera Medical Center[1] in Sioux Falls, South Dakota. (*Id*. ¶ XI.) Defendant Dr. Thaemert performed the procedure on Mr. Staples. (*Id*. ¶ XII.) Dr. Thaemert is a resident of South Dakota. (*Id*. ¶ III.) He is licensed to practice medicine in both Minnesota and South Dakota. (*Id*. ¶ V.)

Dr. Thaemert's operative report states that a "serosal tear in the greater curvature of the stomach" occurred during the procedure. (*Id*. ¶ XIII.) Mr. Staples was discharged on the same day as the surgery. (*See id*. ¶ XIV.) The Complaint alleges that over the next three days, four phone calls were made from the Staples home in Minnesota to Dr. Thaemert's office at the Defendant Surgical Institute of South Dakota in Sioux Falls, the first phone call being on the evening of the surgery. (*Id*.) Plaintiff asserts that despite the Staples' calls reporting Mr. Staples' severe abdominal pain to Dr. Thaemert's office, Plaintiff was not advised to take Mr. Staples to the hospital until the evening of February 18, 2007. (*Id*. ¶ XVIII.)

---

[1] Defendants assert that the surgery actually took place at Avera McKennan Hospital.

On February 18, 2007, Mr. Staples was admitted to Avera McKennan Hospital in Sioux Falls, where he underwent further surgical procedures. Mr. Staples remained hospitalized until his death on March 9, 2007. (*Id.* ¶ XXIII.)

## DISCUSSION

Defendants assert that Plaintiff's claims should be dismissed for lack of personal jurisdiction. At oral argument on the matter, Plaintiff requested that additional discovery would be appropriate, specifically on the issue of the clinic's advertising campaign on television that was broadcast to Minnesota. Plaintiff's counsel asserted that he had just been made aware of the advertising campaign on the day before the oral argument on Defendants' Motion to Dismiss.

The Court finds that limited discovery on the issue of the Defendants' alleged advertising campaign in Minnesota would be appropriate. However, due to the procedural posture of the case, and because it is incumbent on a party to have a reasonable basis for asserting personal jurisdiction at the time of the Complaint, the Court finds it appropriate to assess reasonable attorney fees and costs for bringing this motion on the Plaintiff. In addition, the Court reserves the right to assess fees and costs against Plaintiff for the limited discovery in the event that the Court determines that there was no clear basis to assert personal jurisdiction at the outset.

Therefore, it is **HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, or in the Alternative, to Transfer Venue (Doc. No. 7), is **DENIED WITHOUT PREJUDICE**.

2. The Court will allow limited discovery on the issue of Defendants' advertising campaign that Plaintiff asserts was directed to Minnesota.

3. Plaintiff is ordered to pay Defendants their reasonable attorney fees and costs associated with bringing this Motion to Dismiss, or in the Alternative, to Transfer Venue.  Absent stipulation of the parties with respect to the issue of attorney fees and costs, within fourteen days of the date of this Order, Defendants shall submit an affidavit to the Court with a memorandum, not exceeding five pages, setting forth their reasonable attorney fees and costs.  Plaintiff will then have seven days from receipt of Defendants' affidavit and memorandum to submit a responsive memorandum, not exceeding five pages, and any additional affidavits.  The Court will reserve the right to make a determination as to the amount owed Defendants for their attorney fees and costs with or without oral argument at that time.  Regardless, Plaintiff is ordered to pay Defendants the determined amount owed within thirty days of the Court's resulting Order on attorney fees and costs.

Dated:  May 15, 2009            s/Donovan W. Frank
                                DONOVAN W. FRANK
                                Judge of United States District Court